```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA


LAURA J. MARIE                         )
                                       )  Civil Action
               Plaintiff               )  No. 10-cv-6535
                                       )
       vs.                             )
                                       )
SEARS AUTO REPAIR CENTER;              )
SEARS HOLDINGS CORPORATION; and        )
SEARS & ROEBUCK, doing business        )
     as Sears Auto Center,             )
                                       )
               Defendants              )


                       *   *   *

APPEARANCES:

          MICHAEL A. SNOVER, ESQUIRE
               On behalf of Plaintiff

          ROBERT L. SANZO, ESQUIRE
               On behalf of Defendants

                       *   *   *

                      O P I N I O N
```

JAMES KNOLL GARDNER,
United States District Judge

This personal injury case presents the ironic situation where plaintiff is contending that she cannot recover more than $75,000.00 for her injuries, and defendants are contending that she can. The matter before the court is Plaintiff's Petition for Remand filed November 24, 2010.[1] For the following reasons, I deny plaintiff's petition.

---

[1] On December 3, 2010 defendants filed the Reply of Defendants, Sears Roebuck and Co. and Sears Holdings Corporation, to Petition for Remand of Plaintiff, Laura J. Marie. On December 4, 2010 plaintiff filed Plaintiff's Reply Brief in Support of Plaintiff's Petition to Remand.

Plaintiff Laura J. Marie commenced this personal injury action on October 12, 2010 by filing a one-count Complaint in the Court of Common Pleas of Lehigh County, Pennsylvania. The Complaint alleges that on March 19, 2009, plaintiff was injured at the premises of defendant Sears Auto Repair Center at the Whitehall Mall in Whitehall, Lehigh County, Pennsylvania.

Specifically, plaintiff alleges that after pulling her car into the dock area for service, she slipped and fell on a wet surface.[2] Plaintiff further contends that her fall resulted in severe bodily injuries, including fracture of her right ankle, injury to her left knee and arm, physical pain and mental anguish.[3] The Complaint requests damages in excess of $50,000.00 (presumably to avoid Pennsylvania's mandatory arbitration requirement for cases in which the amount in controversy does not exceed $50,000.00). See 42 Pa.C.S. § 7361(b)(2); Leh.R.C.P. 1301(a).

Defendants removed the action to federal court by Notice of Removal filed November 15, 2010. The Notice of Removal states that federal subject matter jurisdiction is proper based on diversity of citizenship pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00 and the parties are citizens of different states. On November 24, 2010 plaintiff

---

[2] Complaint, ¶ 6.

[3] Complaint, ¶¶ 15-16.

filed her within petition to remand, contending that this court lacks subject matter jurisdiction because defendants cannot establish that the amount in controversy exceeds $75,000.00.

Specifically, plaintiff contends that, although her Complaint seeks recovery "in excess of $50,000.00", defendants have not shown that she could recover more than $75,000.00 for purposes of establishing diversity jurisdiction. In support of this contention, plaintiff avers that she has suffered no loss of wages because she is on disability for breast cancer, and that her medical bills are only $683.75. Additionally, plaintiff asserts that two months after the injury, her orthopedic doctor determined that she had an excellent prognosis for recovery with no permanent disability. Moreover, plaintiff notes that she has not sought punitive damages and does not allege a bad faith claim, further limiting her damages.

Defendants contend that remand is improper because it cannot be determined, based on the allegations in the Complaint, that plaintiff cannot recover more than $75,000.00. Defendants assert that, based on plaintiff's allegations of past and future medical expenses, mental anguish, pain and suffering, and loss of enjoyment of life, it does not appear to a legal certainty that plaintiff cannot recover more than $75,000.00.

Any civil action brought in state court may be removed to the federal district court embracing the place where the action is pending, if the district court would have had original

jurisdiction.  28 U.S.C. § 1441(a).  However, if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case must be remanded. 28 U.S.C. § 1447(c).

Title 28, United States Code, Section 1332(a)(1) gives district courts original jurisdiction to hear civil actions where the matter in controversy exceeds $75,000.00 and is between citizens of different states.  The party asserting diversity jurisdiction bears the burden of proof by a preponderance of the evidence.  McCann v. Newman Irrevocable Trust, 458 F.3d 281, 286 (3d Cir. 2006).

The amount in controversy is generally determined from the face of the complaint itself.  It is "not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated."  Varzally v. Sears, Roebuck & Co., 2010 U.S.Dist.LEXIS 81197, *4 (E.D.Pa. Aug. 11, 2010)(Gardner, J.)(quoting Angus v. Shiley Inc., 989 F.2d 142, 145-146 (3d Cir. 1993)).  See also Valley State Farm Fire and Casualty Co., 504 F.Supp.2d 1, 3 (E.D.Pa. 2006)(Shapiro, S.J.).

Where, as here, plaintiff has not specifically averred in the complaint that the amount in controversy is less than the jurisdictional minimum, the case must be remanded "if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount."  Frederico v. Home Depot, 507 F.3d 188,

197 (3d Cir. 2007)(citing Samuel-Bassett v. Kia Motors America, Inc., 357 F.3d 392 (3d Cir. 2004)).

Determining the amount in controversy begins with a reading of the complaint filed in state court. Varzally, 2010 U.S. Dist.LEXIS at *5 (citing Frederico, 507 F.3d at 197). In addition, "to determine whether the minimum jurisdictional amount has been met in a diversity case removed to federal court, a defendant's notice of removal serves the same function as the complaint would if filed in the district court." Frederico, 507 F.3d at 197.

Here, the Complaint alleges damages in excess of $50,000.00 and alleges that plaintiff has, as of the filing of the Complaint, incurred "substantial medical expenses," and has suffered a "loss of enjoyment of life, loss of life expectancy, loss of happiness and loss of the pleasures of life...to her great financial loss."[4] Moreover, the Complaint alleges that plaintiff will "continue to suffer great mental anguish and physical pain into the future" and will "have to expend large sums of money in the future due to the nature of her injuries."[5]

The Complaint further states that "Plaintiff will, in the future, be unable to pursue and enjoy the usual activities of life...[,] and she will suffer a loss of enjoyment of life, loss

---

[4] Complaint, ¶¶ 18, 20.

[5] Complaint, ¶¶ 17, 19.

of life expectancy, loss of happiness and loss of the pleasures of life throughout the remainder of her life,...to her great financial loss."[6]

The Notice of Removal states that the amount in controversy exceeds $75,000.00 and restates plaintiff's allegations that she sustained "severe bodily injuries including but not limited to right ankle traverse fracture, left knee injury and left arm lymphedema, requiring extended medical care, all of which has been to her great financial loss." The Notice of Removal also restates plaintiff's allegation that she "incurred substantial medical expenses to date" and "will have to expend large sums of money in the future due to the nature of her injuries."[7]

Here, based on the allegations in the Complaint, it does not appear "to a legal certainty" that the plaintiff *cannot* recover the jurisdictional amount. Frederico, 507 F.3d at 197. Although plaintiff contends in her reply brief that she has no loss of wages because she is on disability as a result of breast cancer, "the amount in controversy is generally determined from the face of the complaint itself, not counsel's averments." See Varzally, 2010 U.S.Dist.LEXIS at *6 (citing Angus, 989 F.2d at 145-146).

---

[6] Complaint, ¶ 21.

[7] Notice of Removal, ¶ 5

Moreover, even assuming medical expenses are limited to $683.75, a reasonable reading of plaintiff's claims suggests that she could recover in excess of $75,000.00 for damages sustained as a result of her injuries. <u>Angus</u>, 989 F.2d at 145-146. Plaintiff's Complaint filed October 12, 2010, nearly one year and seven months after her injury was sustained on March 19, 2009, alleges damages in excess of $50,000.00.

The Complaint further alleges that she "has incurred substantial medical expenses to date", "will have to expend large sums of money in the future due to the nature of her injuries", and has and will continue to experience "great mental anguish and physical pain...to her great financial loss."[8] A jury could reasonably award more than $75,000.00 in damages under such circumstances.

Accordingly, I deny the petition to remand.

---

[8] Complaint, ¶¶ 17-19.